UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:   HENRI, DAVID J      § Case No. 10-38334
                             §
                             §
                             §
Debtor(s)                    §

NOTICE OF TRUSTEE'S FINAL REPORT AND
APPLICATIONS FOR COMPENSATION
AND DEADLINE TO OBJECT (NFR)

Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that GLENN R. HEYMAN, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:

219 S. Dearborn Street, Chicago, IL 60604

Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 20 days from the mailing of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee. A hearing on the fee applications and any objection to the Final Report will be held at 10:00am on 05/09/2012 in Courtroom 613, United States Courthouse Courthouse, 219 S. Dearborn Street, Chicago, Illinois. If no objections are filed, upon entry of an order on the fee applications, the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed: 04/04/2012      By:   /s/Glenn R. Heyman
                                   Trustee

GLENN R. HEYMAN
135 S. LaSalle Street, #3705
Chicago, IL  60603
(312) 641-6777

UST Form 101-7-NFR (10/1/2010)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re: HENRI, DAVID J § Case No. 10-38334
§
§
Debtor(s) §

## SUMMARY OF TRUSTEE'S FINAL REPORT
## AND APPLICATIONS FOR COMPENSATION

| | |
|---|---|
| The Final Report shows receipts of | $ 10,000.31 |
| and approved disbursements of | $ 115.69 |
| leaving a balance on hand of [1] | $ 9,884.62 |
| **Balance on hand:** | $ 9,884.62 |

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| None | | | | | |

| | |
|---|---|
| Total to be paid to secured creditors: | $ 0.00 |
| Remaining balance: | $ 9,884.62 |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - GLENN R. HEYMAN | 1,750.03 | 0.00 | 1,750.03 |
| Attorney for Trustee, Fees - Crane, Heyman, Simon, Welch & Clar | 1,764.00 | 0.00 | 1,764.00 |
| Attorney for Trustee, Expenses - Crane, Heyman, Simon, Welch & Clar | 26.62 | 0.00 | 26.62 |

| | |
|---|---|
| Total to be paid for chapter 7 administration expenses: | $ 3,540.65 |
| Remaining balance: | $ 6,343.97 |

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

UST Form 101-7-NFR (10/1/2010)

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

|  |  |  |  |
|---|---|---|---|
| Total to be paid for prior chapter administrative expenses: | | $ | 0.00 |
| Remaining balance: | | $ | 6,343.97 |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

|  |  |  |  |
|---|---|---|---|
| Total to be paid for priority claims: | | $ | 0.00 |
| Remaining balance: | | $ | 6,343.97 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 100,891.74 have been allowed and will be paid pro rata only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 6.3 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Sallie Mae, Inc. on behalf of MHEAA | 1,331.45 | 0.00 | 83.72 |
| 2 | Fia Card Services, Successor to Bof A & MBNA America Bank | 42,087.01 | 0.00 | 2,646.39 |
| 3 | eCAST Settlement Corp. assignee Citibank(South Dakota)NA | 26,720.21 | 0.00 | 1,680.14 |
| 4 | CR Evergreen, LLC | 7,287.14 | 0.00 | 458.21 |
| 5 | eCAST Settlement Corporation, assignee Chase Bank USA,NA | 5,947.95 | 0.00 | 374.00 |
| 6 | Us Dept Of Education | 6,033.03 | 0.00 | 379.35 |
| 7 | eCAST Settlement Corporation | 2,255.53 | 0.00 | 141.83 |
| 8 | PRA Receivables Mgmt, agent of Portfolio | 7,547.11 | 0.00 | 474.55 |

**UST Form 101-7-NFR (10/1/2010)**

| | | | | |
|---|---|---:|---:|---:|
| | Recovery Assocs. | | | |
| 9 | CR Evergreen, LLC | 1,682.31 | 0.00 | 105.78 |

|   |   |
|---|---:|
| Total to be paid for timely general unsecured claims: $ | 6,343.97 |
| Remaining balance: $ | 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | None | | | |

|   |   |
|---|---:|
| Total to be paid for tardy general unsecured claims: $ | 0.00 |
| Remaining balance: $ | 0.00 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | None | | | |

|   |   |
|---|---:|
| Total to be paid for subordinated claims: $ | 0.00 |
| Remaining balance: $ | 0.00 |

UST Form 101-7-NFR (10/1/2010)

Case 10-38334   Doc 66   Filed 04/04/12   Entered 04/04/12 16:24:45   Desc Main
Document   Page 5 of 5

Prepared By: /s/GLENN R. HEYMAN
Trustee

GLENN R. HEYMAN
135 S. LaSalle Street, #3705
Chicago, IL  60603
(312) 641-6777

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 101-7-NFR (10/1/2010)